UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ABID B. BUTT,**<br><br>              **Plaintiff,**<br><br>    — against —<br><br>**MGR ENT SOLUTIONS, LLC and MENA ROMAN,** *individually*,<br><br>              **Defendants.** | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

Plaintiff Abid B. Butt ("Plaintiff"), by his attorneys, Criscione Ravala, LLP, as and for his Complaint against Defendants, MGR ENT Solutions, LLC and Mena Roman, *individually*, (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. Plaintiff brings this action for damages and equitable relief based upon the willful violations of the Defendants relating to unpaid wages, including overtime wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and for violations of the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law.

2. Plaintiff also brings this action to recover for unjust enrichment, conversion, and punitive damages.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over the Defendants because the Defendants reside and/or regularly conduct and/or transact business in the State of New Jersey.

5. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants' principal place of business is located within the County of Middlesex, State of New Jersey, within the District of New Jersey.

### III. PARTIES

6. Plaintiff was employed as a gas station attendant/cashier from on or about February 2019 through on or about August 2019.

7. Plaintiff is an adult individual residing in Middlesex County, New Jersey.

8. Upon information and belief, Defendant MGR ENT Solutions, LLC is a limited liability company duly organized and existing under and by virtue of the laws of the State of New Jersey.

9. Upon information and belief, Defendant Mena Roman is a resident of the State of New Jersey.

10. Upon information and belief, Defendants own and operate a gas station located at 2731 Woodbridge Avenue, Edison, New Jersey 08817.

11. Defendant Mena Roman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mena Roman is sued individually in his capacity as owner, manager, principal, and/or agent of Defendant MGR ENT Solutions, LLC. Defendant Mena Roman possesses operational control over Defendant MGR ENT Solutions, LLC, an ownership interest in Defendant MGR ENT Solutions, LLC, and controls significant functions of Defendant MGR ENT Solutions, LLC. He determines the wages

and compensation of the employees of Defendant MGR ENT Solutions, LLC, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## IV. FACTUAL ALLEGATIONS

12. At all times relevant to this action, Plaintiff was employed as a gas station attendant/cashier for the benefit of and at the direction of Defendants at their gas station located at 2731 Woodbridge Avenue, Edison, New Jersey 08817.

13. Throughout his employment with Defendants, Plaintiff's primary duty as a gas station attendant was to pump gas for Defendants' customers.

14. While Plaintiff was employed at Defendants' gas station, he worked seven days per week from 5:00 a.m. until 3:00 p.m. Monday through Friday and Sunday, and from 6:00 a.m. until 5:00 p.m. on Saturday.

15. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks.

16. During this time, Plaintiff worked seventy-one (71) hours per week.

17. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

18. Throughout Plaintiff's employment, Defendants paid Plaintiff nine dollars ($9.00) per hour for each hour that he worked.

19. Throughout Plaintiff's employment, Defendants paid Plaintiff straight time for all hours worked.

20. Throughout Plaintiff's employment, Defendants paid Plaintiff in cash.

21. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime

compensation for any hours that he worked in excess of forty (40) hours each week.

22. Throughout Plaintiff's employment, Defendants did not pay Plaintiff at the greater of either one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

23. Throughout Plaintiff's employment, Defendants did not require Plaintiff to sign, punch, or clock in or out of his shifts or to track his time worked in any other manner.

24. Throughout Plaintiff's employment, Defendants failed to keep and maintain accurate time records for the time that Plaintiff worked each day and week.

25. Defendant Mena Roman participated in the decision to hire Plaintiff.

26. Defendant Mena Roman participated in the decision to fire Plaintiff.

27. Defendant Mena Roman participated in the daily supervision of Plaintiff's duties.

28. Defendant Mena Roman participated in setting Plaintiff's work schedule.

29. Defendant Mena Roman participated in deciding the manner in which Plaintiff was paid during his employment.

30. Defendant Mena Roman participated in running the day-to-day operations of Defendant MGR ENT Solutions, LLC and its gas station, located at 2731 Woodbridge Avenue, Edison, New Jersey 08817, during Plaintiff's employment.

31. Defendant Mena Roman participated in deciding the hours that Plaintiff worked each week during his employment.

32. Defendant Mena Roman participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

33. Defendants managed Plaintiff's employment, including the amount of overtime worked.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

35. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NJWHL.

36. Throughout Plaintiff's employment, Defendants had a gross annual volume of sales of not less than $500,000.00

37. In addition, upon information and belief, Defendants were directly engaged in interstate commerce.

38. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NJWHL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

39. Defendants habitually required Plaintiff to work additional hours beyond his regular shifts but never provided him with any additional compensation.

40. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NJWHL.

41. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

42. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the FLSA**

43.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44.     At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

45.     As outlined above, Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

46.     As also outlined above, Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of 29 U.S.C. §255(a).

47.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective regular rate of pay.

48.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA overtime provisions.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Violation of the Overtime Provisions of the New Jersey Wage and Hour Law**

49.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.     At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJWHL.

51.     Defendants, in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.*, and supporting regulations of the New Jersey State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

52. Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of NJWHL.

53. Plaintiff was damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violations of the New Jersey State Wage Payment Law for Withholding Wages

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of New Jersey State Wage Payment Law, N.J.S.A. §34:11—56a, *et seq.*, and supporting regulations of the New Jersey State Department of Labor, failed to pay Plaintiff wages duly owed to him for the hours he worked.

56. Defendants' failure to pay these wages is willful within the meaning of New Jersey State Wage Payment Law, N.J.S.A. §34:11—56a, *et seq*.

57. Plaintiff was damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Unjust Enrichment

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. At all times relevant herein, Plaintiff performed services for Defendants from which Defendants benefitted.

60. Defendants failed to pay Plaintiff his duly owed wages for work done for the benefit of Defendants.

61. Defendants were unjustly enriched by not paying Plaintiff his duly owed wages for the work done by Plaintiff for Defendants.

62. It would be fundamentally unjust and unfair to allow Defendants to retain the income owed to Plaintiff.

63. As a direct and proximate cause of Defendants' wrongful and willful misconduct, Plaintiff suffered injury and is entitled to reimbursement and disgorgement by Defendants of the benefit conferred by Plaintiff.

64. By reason of the foregoing, Defendants are liable to Plaintiff for the income owed to Plaintiff, in the amount of damages to be determined at trial, plus applicable interest, and damages suffered as a result of Defendants' actions.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Conversion

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants possess or have converted Plaintiff's wages that rightfully and legally belong to Plaintiff.

67. Defendants have acted in a manner that has deprived Plaintiff of his right to receive the benefits of his wages that are rightfully due to Plaintiff.

68. Based on the foregoing, Plaintiff has been damaged in an amount to be determined at trial, plus interest, attorneys' fees, court costs, and all other expenses that have or will be incurred by Plaintiff as a result of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Punitive Damages

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants' misleading and deceitful actions as alleged herein were intentional, willful, damaging to Plaintiff, and demonstrated wanton dishonesty and indifference to Defendants' obligations.

71. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court:

(a) Award Plaintiff actual damages in an amount to be determined at trial; and

(b) Award Plaintiff all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

(c) Award Plaintiff pre-judgment and post-judgment interest on all causes of actions where allowable; and

(d) Award Plaintiff costs, disbursements and attorneys' fees; and

(e) Award such other and further relief, whether in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 18, 2019
New York, New York

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

*/s/ Galen J. Criscione*
Galen J. Criscione, Esq.
NJ Bar No.: 001262011
2001 Route 46, Suite 310
Parsippany, NJ 07054
T: (800) 583-1780
F: (800) 583-1787
E: GCriscione@lawcrt.com

*Attorneys for Plaintiff*

## VERIFICATION

I, ABID B. BUTT, hereby do affirm that I am the Plaintiff named in the foregoing Complaint, and that the contents of said Complaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

_____
Abid B. Butt